This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Larry Neptune appeals a decision of the Medina County Court of Common Pleas sentencing him to six years in prison. This Court affirms.
Appellant was charged with rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Appellant initially entered a plea of not guilty and then changed his plea to no contest. The trial court accepted appellant's plea and sentenced him to a prison term of six years.
Appellant timely appealed, and has set forth one assignment of error for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO SIX YEARS IN PRISON.
Appellant has argued that the trial court failed to consider all of the relevant factors set forth in R.C. 2929.14 and 2929.12 when sentencing appellant to a prison term greater than the minimum. This Court disagrees.
An appellate court's standard for review in sentencing appeals is set out in R.C. 2953.08, which provides:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law.
(Emphasis added.) R.C. 2953.08(G)(2). After a careful review of the record, this Court does not find that either R.C. 2953.08(G)(2)(a) or (b) is applicable in this case.
Appellant has argued that the record does not support the trial court's finding that the shortest prison term would demean the seriousness of defendant's conduct and that the shortest prison term would not adequately protect the public from future crime. This Court disagrees.
Pursuant to R.C. 2929.14(A)(1), if a court is required or elects to impose a prison term for a first degree felony, the prison term shall be three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(B) provides:
 Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
(Emphasis added.)
In its journal entry, the trial court made the following finding:
 * * * The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code section 2929.11, and has balanced the seriousness and recidivism factors Ohio Revised Code section 2929.12. * * *
 The Court finds pursuant to Revised Code section 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct; the shortest prison term will not adequately protect the public from future crime by the defendant or others. * * *
Appellant has argued that the trial court's "blanket statement" that it found that the minimum sentence in this case would demean the serious of this particular offense and would not adequately protect the public was not sufficient. However, the Supreme Court of Ohio has held that R.C.2929.14(B) does not require a trial court to state its reasons for such a finding. State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Regardless, the fact that appellant committed the underlying sex offenses against his minor granddaughter over a period of nearly eight years clearly supported the trial court's findings. This Court finds that the trial court satisfied its legal duty under R.C. 2929.14(B) for imposing a sentence that was greater than the minimum on a first time felony offender.
Defendant has also argued that the trial court did not consider all of the factors set out in R.C. 2929.12. Defendant seems to be arguing that the trial court was required to discuss each section of R.C. 2929.12 in its journal entry. The Supreme Court of Ohio recently addressed the issue of what R.C. 2929.12 requires the trial court to do in State v. Arnett
(2000), 88 Ohio St.3d 208, 215, holding that:
 The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors. R.C. 2929.12.
In the case sub judice, the trial court stated that it had balanced the factors set forth in R.C. 2929.12. The trial court made it clear that it had considered all relevant factors in reaching its decision.
Appellant's sole assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.